IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF THE 23D OF SEPTEMBER, 1872.

A pardon reaches both the punishment prescribed for the offence and the guilt of the offender. If full, it remits the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence.

EXECUTIVE OFFICE,
Tallahassee, Fla., Sept. 23, 1872.

SIR: I wish to obtain the opinion of the Judges of the Supreme Court upon the question whether the pardon of an individual, after conviction, restores the rights forfeited by the conviction. An immediate answer is necessary for my official guidance, and the information of the inspectors of the election now approaching.

Very respectfully,
Your obedient servant,

HARRISON REED,
*Governor of Florida.*

Hon. E. M. RANDALL,
*Chief Justice Supreme Court.*

SUPREME COURT ROOM, }
Tallahassee, Fla., September 27, 1872. }

*To His Excellency* HARRISON REED,
*Governor of Florida:*

SIR: In reply to your communication as to the effect of a pardon under the Constitution and laws of the State of Florida, I would respectfully state that "a pardon reaches both the punishment prescribed for the offence, and the guilt of the offender. When the pardon is full, it remits the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching; if granted after conviction, it removes the penalties and disabilities and restores him to all his civil rights. It makes him as it were a new man, and gives him a new credit and capacity. There is only this limitation to its operation: it does not restore offices forfeited or property or interests vested in others in consequence of the conviction and judgment." (Ex parte Garland, 4 Wallace, 380.)

This is the language of the Supreme Court of the United States when determining the effect of a full pardon by the President of the United States. There is nothing in the Constitution or laws of this State to vary its effect here.

For the Court.

Very respectfully,

JAMES D. WESTCOTT, JR.,
*Ass. Justice Supreme Court of Florida.*