PER CURIAM.
This petition for certiorari by the State seeks review of an order of the trial court expunging the record of defendant’s arrest for public drunkenness, unlawful possession of marijuana and unlawful possession of barbiturates, to which he entered a plea of nolo contendere.
It affirmatively appears that the trial court departed from the essential requirements of law in its order dated June 23, 1976, where it found that the defendant was entitled to the statutory right of ex-pungement inasmuch as it affirmatively appears from the record in this case that the defendant, Robert Sobie, had previously been convicted of a violation of a municipal ordinance against public drunkenness. Section 901.33, Florida Statutes,[1] provides that “. . .a person who has never previously been convicted of a criminal offense or municipal ordinance violation may file a motion with the court wherein the charge was brought to expunge the record of arrest from the official records of the arresting authority.”
We conclude that the trial court departed from the essential requirements of law in that it failed to follow the explicit wording of the statute in this case. Therefore, the order of June 22, 1976, and the order of June 23, 1976, each of which purports to expunge the record of defendant Robert Sobie’s arrest upon the charges of (1) public intoxication, (2) possession of marijuana, and (3) possession of barbiturates, are each of them hereby quashed.
It is so ordered.

. The Supreme Court of Florida in Johnson v. State, 336 So.2d 93 (Fla.1976) has considered the constitutionality of this statute. The Supreme Court dealt with that portion of the statute which required that the records be “expunged.” The court upheld the substantive right of a defendant under the statute, but found that the judicial branch of government, and not the legislative branch, had the power and responsibility to deal with the destruction of records. Therefore, the statute, without the offending provision, still governs the rights of the respondent here.