PER CURIAM.
The State of Florida seeks review by petition for writ of common law certiorari of an order granting respondent’s motion to expunge and seal court records.
Respondent Jared Martin Herstik was arrested by the Hollywood Police Department for possession of Methaqualone and for driving under the influence. The State entered a nol-pros of the possession of me-thaqualone charge after respondent successfully completed a pretrial intervention program. In the meantime the court had adjudicated respondent guilty of driving under the influence. Respondent made a motion to expunge and seal the court records pursuant to section 943.058, Florida Statutes (1983), and the court granted his motion.
Section 943.058 provides:
(2) The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. The courts may order the sealing or expunction of any other criminal history record provided:

(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
Respondent’s adjudication of guilt for driving under the influence precluded him from meeting the requirements set forth in section 943.058(2)(b). The court’s order granting expungement constituted a departure from the essential requirements of law and accordingly, the order is quashed. See State v. Sobie, 343 So.2d 73 (Fla. 3d DCA 1977).
However, it appears from the transcript that the trial court intended to expunge pursuant to section 943.058(3), Florida Statutes (1983), which gives the court discretion to expunge upon a finding of unusual circumstances notwithstanding subsection (2) of section 943.058. Therefore we grant this writ without prejudice to the trial court to reconsider this matter, upon proper motion.
CERTIORARI GRANTED.
LETTS, DELL and BARKETT, JJ., concur.