Michael P. Martin Office of Chief Counsel Department of the Treasury Bureau of Alcohol, Tobacco and Firearms
QUESTION: 1. May records of a conviction be expunged pursuant to s. 943.058, F.S. (1990 Supp.)?
2. Does expunction of records pursuant to s. 943.058, F.S., (1990 Supp.), affect an individual's status as a felon for purposes of s. 790.23, F.S.?
3. Did s. 943.058(3), F.S. (1987), allowing expunction of criminal records maintained by the Florida Department of Law Enforcement, notwithstanding s. 943.058(2), F.S., "only upon a specific finding by a circuit court of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court" affect an individual's status as a felon for purposes of s. 790.23, F.S.?
4. What is the effective date of the amendment to s. 943.058(3), F.S. (1987), by s. 1, Ch. 88-248, Laws of Florida?
SUMMARY:
1. An individual who has been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the petition for expungement pertains is not entitled to have the record expunged pursuant to s. 943.058, F.S. (1990 Supp.).
2. In light of the inability of an individual to have the record of a conviction expunged, the status of an individual as a convicted felon would preclude ownership or possession of any firearm.
3. In the event a circuit court, pursuant to s. 943.058(3), F.S. (1987), expunged the criminal records of an individual convicted of a felony, s. 943.058(6)(a), F.S. (1987), operated to restore the subject of such records to the status occupied prior to the arrest, indictment, information, or judicial proceedings covered by the expunged record. An individual whose criminal records had been expunged would not appear to be subject to the prohibition is s. 790.23, F.S.
4. Section 943.058, F.S., as amended by s. 1, Ch. 88-248, Laws of Florida, took effect upon becoming law, July 5, 1988.
AS TO QUESTION 1:
Section 943.058(2), F.S. (1990 Supp.), provides for the continued jurisdiction of the courts of Florida over the keeping, sealing, expunction, or correction of judicial records containing criminal history information.[1] Courts may order the sealing or expunction of any criminal history records, provided:
 (a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation; (b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains; (c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33; and (d) Such record has been sealed under this section, former s. 893.14, or former s. 901.33 for at least 10 years; except that, this condition shall not apply in any instance in which an indictment or information was not filed against the person who is the subject of the record or in which an indictment of information was dismissed by the prosecutor or the court. (e.s.)[2]
Thus, an individual who has been adjudicated guilty of the offense which is sought to be expunged or any other prior criminal offense may not have the criminal records pertaining to such convictions sealed or expunged.[3]
AS TO QUESTION 2:
Section 790.23, F.S., provides:
(1) It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in any other state, territory, or county punishable by imprisonment for a term exceeding 1 year to own or to have in his care, custody, possession, or control any firearm or electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices. (2) This section shall not apply to a person convicted of a felony whose civil rights have been restored.
In light of the answer to your first question, an individual who has been convicted of a felony and, therefore, is ineligible to seek expunction, would be unable to expunge his or her felony conviction to remove the impediment to obtaining or possessing a firearm set forth is s. 790.23, F.S. The statute, however, allows a convicted felon whose civil rights have been restored to possess a firearm.[4]
AS TO QUESTION 3:
Section 943.058(3), F.S. (1987), in pertinent part, provided:
Notwithstanding subsection (2), criminal history records maintained by the Department of Law Enforcement may be ordered expunged only upon a specific finding by a circuit court of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court. . . .
Thus, under s. 943.058(3), F.S. (1987), a circuit court upon finding of unusual circumstances had the discretion to exercise its equitable powers to expunge the conviction of an individual.[5]
Section 943.058(3), F.S. (1987), however, was amended in 1988[6] to eliminate the trial judge's equitable power to order expungement where the defendant does not meet the statutory requirements for such relief in s. 943.058(2), F.S.[7]
This amendment has been judicially determined to be retroactive in application and, therefore, would preclude granting a petition filed after the effective date of the amendment for the expuction of a criminal conviction, regardless of whether the conviction occurred prior to the effective date of the amendment.[8]
In the event a circuit court had made the determination that unusual circumstances dictated the expuntion of a criminal conviction pursuant to s. 943.058(3), F.S. (1987), and such criminal record was expunged, s. 943.058(6), F.S. (1987), provided:
(a) When all criminal history records, including the records maintained by the Department of Law Enforcement and the courts, have been expunged, the subject of such records shall be restored, in the full and unreserved contemplation of the law, to the status occupied before the arrest, indictment, information, or judicial proceedings covered by the expunged record.[9]
Accordingly, when a circuit court has expunged all of the criminal records of an individual, including those maintained by the Florida Department of Law Enforcement and the courts, the individual is placed in the same position occupied prior to the arrest, information or any judicial proceedings related to the expunged record. It would appear, therefore, that such an individual would have no impediments to possessing a firearm imposed by s. 790.23, F.S.[10]
AS TO QUESTION 4:
Chapter 88-248, Laws of Florida, was passed during the 1988 Regular Legislative Session. Section 3, Ch. 88-248, Laws of Florida, states, "[e]xcept as otherwise provided herein, this act shall take effect upon becoming a law." Chapter 88-248, Laws of Florida, was approved by the Governor on July 5, 1988, and, therefore, became effective on July 5, 1988.[11]
[1] See, Russell v. Miami Herald Publishing Co.,570 So.2d 979, 982 (2 D.C.A. Fla., 1990) (court may seal its own records using its sound discretion).
[2] Section 943.058(2)(a)-(d), F.S. (1990 Supp.).
[3] See, State v. Urf, 524 So.2d 1118 (2 D.C.A. Fla., 1988) (court exceeded its authority in ordering the sealing of a defendant's arrest and criminal history records when he had been adjudicated guilty of the offense). See also, Williamson v. State, 510 So.2d 1052 (3 D.C.A. Fla., 1987) (when individual enters a nolo contendere plea, he is not entitled to have his records sealed).
[4] Cf., Williams v. State, 402 So.2d 78 (1 D.C.A. Fla., 1981) (convicted felon whose civil rights "except the authority to possess or own a firearm" had been restored, did not have his civil rights restored for purposes of s. 790.23[2], F.S.).
[5] See, State v. Herstik, 475 So.2d 1268 (4 D.C.A. Fla., 1985), in which the appellate court recognized that the circuit court's expunction of an individual's conviction for driving under the influence was based upon s. 943.058(3), F.S. (1983), giving the circuit court the discretion to expunge upon a finding of unusual circumstances, notwithstanding the conditions of s. 943.058(2), F.S. (1983).
[6] Section 1, Ch. 88-248, Laws of Florida.
[7] See, Torres v. State, 566 So.2d 1176 (3 D.C.A.)
[8] See, State v. Greenberg, 564 So.2d 1176 (3 D.C.A., 1990) (expungement statute lacks the criminal character necessary to make it an ex post facto law; rather, it, as a whole, is a remedial statute providing remedies which are civil in nature and has retroactive application).
[9] Section 943.058(6)(a), F.S. (1987), was deleted by s. 1, Ch. 88-248, Laws of Florida.
[10] Cf., AGO 84-85, in which this office concluded that where a court has ordered expunction of all criminal records pertaining to an individual who is a candidate for employment with a criminal justice agency pursuant to s. 943.058, F.S. (1983), the candidate is under no obligation to acknowledge events covered by the expunged record.
[11] See, AGO 72-182 (bill which provides that it shall become effective upon becoming law becomes law when approved and signed by the Governor).