593 So.2d 282 (1992)
STATE of Florida, Appellant,
v.
Damon PENA, Appellee.
No. 91-0336.
District Court of Appeal of Florida, Fourth District.
January 22, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant.
Alden S. Tarte, Hialeah, for appellee.
EN BANC
DOWNEY, Judge.
The State of Florida appeals from an order of the trial court granting appellee, Damon Pena's, motion to seal certain criminal records. We treat this as a petition for writ of certiorari pursuant to Florida Rules of Appellate Procedure 9.030(b)(2).
Pena was charged with possession of cocaine in 1987. Adjudication was withheld and he was placed on probation. However, his probation was violated and he was adjudicated guilty and sentenced. On November 27, 1990, Pena filed a petition in the trial court, pursuant to Florida Rules of Criminal Procedure 3.692 and section 943.058(2), Florida Statutes (Supp. 1990), requesting the court to "seal the criminal history record information concerning his arrest on November 20, 1987, by the Sheriff's Department of Broward County, Florida, for the possession of cocaine... ." A hearing was held at which the state opposed the petition. Nevertheless, the court entered an order (much broader than the petition sought) in which it granted the petition and ordered all court records pertaining to the above-styled case sealed, and in addition directed that the court's order be furnished to the State Attorney and the Sheriff of Broward County and any other agency which contained a record of the subject criminal history record information. It further directed the State Attorney and *283 Sheriff to "seal all information concerning indicia of arrest or criminal history record information reference this defendant in accordance with section 943.058, Florida Statutes, and Rule 3.692."
The parties have joined issue on the correct interpretation of the statute involved. The state contends that section 943.058, Florida Statutes (Supp. 1990), precludes the sealing of the criminal record invoked herein because Pena was adjudicated guilty of the crime which said records involve. It is Pena's position that, properly read, the statute authorizes the court, in its discretion, to seal or expunge its own records containing criminal history information; that any limiting language contained in the statute relates to ordering the sealing or expunging of such records in the custody of other departments or agencies of government.
At the outset we concede that this court, in State v. Herstik, 475 So.2d 1268 (Fla. 4th DCA 1985), aligned itself with the state's position, holding that the sealing of a court record containing criminal history information was a departure from the essential requirements of law because it violates subsection (2)(b) of the statute. Believing as we do that the pertinent holding in Herstik is erroneous, we recede therefrom for the reasons hereinafter set forth.
The pertinent part of section 943.058(2)(a) and (b), Florida Statutes (Supp. 1990), provides:
(2) The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. The courts may order the sealing or expunction of any other criminal history record, provided:
(a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains. .. .
A careful reading of the above statutory provision demonstrates that there is a dichotomy to be found therein between the court's records and the records of others, such as the Sheriff's Department, State Attorney's Office, and the Florida Department of Law Enforcement. We suggest that an accurate paraphrase of the subject statutory section is: The courts of this state shall continue to have jurisdiction over their own records, including sealing and expunction of judicial records containing criminal history information. Furthermore, the court may order the sealing or expunction of any other agency's criminal history record only if: a) The subject of the record has never been previously adjudicated guilty of a criminal offense; and b) the person has not been adjudicated guilty of any of the charges stemming from the criminal episode involved in the particular records. Giving due meaning to all of the language in the statute, we are persuaded that the limitations contained in subsection (b) are inapplicable to the treatment of judicial records referred to in the first sentence of subsection (2).
The Second District Court of Appeal, in Russell v. Miami Herald Publishing Co., 570 So.2d 979 (Fla.2d DCA 1990), has espoused the construction we opt for here. In Russell the Miami Herald intervened in several cases wherein court records of criminal charges against Russell had been expunged. The Herald sought to vacate those orders to enable it to use that information in an on-going investigation. In pursuit of its purpose the Herald contended that the records should not have been sealed because Russell could not meet the requirements of subsections (2)(a)-(d) of section 943.058 to justify sealing the court's own records. In disposing of that contention the court said:
Our first inquiry is the interpretation of section 943.058. The Herald argues that a petitioner must meet the requirements of subsection (2)(a)-(d) in order to have the court's own records sealed or expunged. We disagree with this interpretation. Subsection (2) of the statute differentiates *284 between the court's own records and other criminal history records. The requirements set forth in subsection (2)(a)-(d) apply only to the sealing or expunction of other criminal history records. We, therefore, interpret the statute as allowing a court to seal or expunge its own records, using its sound discretion. This court has recognized that a court has discretion to seal its own records even though a defendant had been adjudged guilty of those offenses. See State v. Urf, 524 So.2d 1118 (Fla.2d DCA 1988). We recognize that our interpretation of the statute in Urf, which we reaffirm today, conflicts with the fourth district's opinion in State v. Herstik, 475 So.2d 1268 (Fla. 4th DCA 1985).
570 So.2d at 982.
In the earlier case of State v. Urf, 524 So.2d 1118 (Fla.2d DCA 1988), the state sought to quash the trial court's sealing of its own records and those of various law enforcement agencies. In approving the sealing of its own court records but condemning the sealing of the records of others, i.e., certain law enforcement agencies, because Urf had been adjudicated guilty of the offenses in question, the court said:
We find no departure from the essential requirements of law in the court's agreement to seal its own records. See e.g., Johnson v. State, 336 So.2d 93 (Fla. 1976). However, we do agree that the court exceeded its authority in ordering the sealing by law enforcement agencies of arrest and criminal history records, because Urf, having been adjudged guilty of the offenses in question, did not qualify for such extraordinary relief. §§ 943.058(2) and 943.058(3), Fla. Stat. (1987). Accordingly the petition for writ of certiorari is granted in part and denied in part....
524 So.2d at 1118.
As indicated earlier, the order being reviewed is broader than the relief sought in the petition. Nevertheless, we hold that the portion of the court's order sealing its own records involving Pena is a matter within the discretion of the court and completely justified by section 943.058(2), whereas the part which purports to affect records in the custody of others, such as the State Attorney and Sheriff's Office, etc., is a departure from the essential requirements of law and must be quashed.
Accordingly, we deny the petition as it pertains to the sealing of the court's own records, but grant the petition for writ of certiorari as it pertains to the records of "other" agencies and departments.
GLICKSTEIN, C.J., and ANSTEAD, LETTS, HERSEY, DELL, GUNTHER, STONE, WARNER, POLEN, GARRETT and FARMER, JJ., concur.