595 So.2d 212 (1992)
John DOE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1170.
District Court of Appeal of Florida, Fifth District.
February 28, 1992.
Larry Klein and Randy Ellison of Klein & Walsh, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
*213 DIAMANTIS, Judge.
Appellant John Doe appeals the trial court's order vacating a final order expunging his criminal record. We reverse.
In 1976 appellant was convicted as an accessory to robbery. In 1986, after completing the term of his sentence, appellant was granted a full and unconditional pardon for this offense.
In 1990 appellant filed a petition for declaratory relief seeking expunction or sealing of his criminal records and sealing of his civil file pursuant to the provisions of section 943.058 of the Florida Statutes (1989) and rule 3.692 of the Florida Rules of Criminal Procedure. Section 943.058(2)(b) provides:
943.058(2)(b) Criminal history record expunction or sealing. 
* * * * * *
(2) The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. The courts may order the sealing or expunction of any other criminal history record, provided:
* * * * * *
(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains... . (emphasis added)
The petition was accompanied by an affidavit which sets forth the fact of appellant's conviction, his full and unconditional pardon, and that he had never before secured an expunction or sealing of his criminal records. The state offered no objection to the petition and the trial court entered an order expunging the records.
The state subsequently filed a motion for reconsideration, requesting the trial court to vacate the expunction order. In the motion the state claimed that expunction was not proper because appellant had been adjudicated guilty of the accessory offense. The trial court granted the state's motion for reconsideration and vacated the expunction order, ruling that, as a matter of law, section 943.058(2)(b) precludes appellant from being eligible for a records expunction because he was adjudicated guilty of being an accessory to robbery. The court ruled that the fact that appellant has received a full and unconditional pardon for this crime does not remove the adjudication of guilt. This ruling was error.
The supreme court has ruled that a pardon reaches both the punishment prescribed for the offense and the guilt of the offender. When the pardon is full, it remits the punishment and blots out of existence the guilt, so that in the eyes of the law the offender is as innocent as if he never committed the offense. Advisory Opinion to the Governor, 14 Fla. 318 (1872), citing Ex parte Garland, 4 Wall. 333, 71 U.S. 333, 18 L.Ed. 366 (1866). A pardon not only blots out the crime committed, but removes all disabilities resulting from conviction and gives to an individual in whose favor it is granted a new character, and makes of him or her a new person. Singleton v. State, 38 Fla. 297, 21 So. 21 (1896). A full and unconditional pardon removes all that is left of the consequences of conviction. Fields v. State, 85 So.2d 609 (Fla. 1956). See also Marsh v. Garwood, 65 So.2d 15 (Fla. 1953).
Because a full and unconditional pardon legally blots out the finding of guilt, the pardon removes all the attendant legal consequences which flow from an adjudication of guilt. The pardonee is no longer legally considered "convicted" or "adjudicated guilty" of that crime. Therefore, the trial court erred in finding appellant ineligible for a records expunction due to his conviction for being an accessory to robbery.
As noted above, the state argued in its motion for reconsideration that a full and unconditional pardon does not remove the adjudication itself but only removes the disabilities which flow from such an adjudication. We reject this argument because it fails to recognize the expansive effect of a full and unconditional pardon. If we were to construe the statute as requiring the *214 result urged by the state, this would create a head-on confrontation between the power of the legislature to enact laws regarding convicted felons and the power of the executive to pardon convicted felons. Contrary to the state's position, we find that this statute should not be interpreted as overriding the executive's pardon power.
Further, we reject the trial court's alternative ground for concluding that appellant is not eligible for a records expunction: specifically, the need to have a record of pardoned convictions available to the public in cases where the pardonee seeks a position of public trust. Subsections (3) and (6) of the expunction statute provide access to expunged or sealed records to those authorities responsible for licensing or employing individuals to hold offices or positions of public trust. See also Sandlin v. Criminal Justice Standards & Training Commission, 531 So.2d 1344 (Fla. 1988); Lee v. Department of Health and Rehabilitative Services, 518 So.2d 364 (Fla. 3d DCA 1987).
The state further argues that the order of the trial court must be affirmed because the trial court has discretion under section 943.058(2)(d) to vacate an order of expunction and to reopen criminal history records, and there has been no showing of an abuse of such discretion. This argument lacks merit.
We recognize that section 943.058(2)(d) states that the trial court has discretion to deny a request to seal or expunge records and that the statute does not confer upon any person a right to the sealing or expunction of any criminal history record. See also State v. Pena, 593 So.2d 282 (Fla. 4th DCA 1992); Russell v. Miami Herald Publishing Company, 570 So.2d 979 (Fla. 2d DCA 1990). However, the standard of review applicable to the opening of a sealed or expunged criminal history record is not one of discretion but one of "good cause shown to open it under conditions wherein the ends of justice require it." Johnson v. State, 336 So.2d 93, 95 (Fla. 1976); Russell v. Times Publishing Company, 592 So.2d 808 (Fla. 5th DCA 1992). Cf. Russell v. Miami Herald Publishing Company, 570 So.2d 979 (Fla. 2d DCA 1990). Accordingly, we conclude that because there was no showing of good cause for opening appellant's expunged records, the trial court erred in vacating its original order of expunction.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.