PER CURIAM.
Appellant, Metropolitan Dade County, appeals an order unsealing an arrest warrant affidavit. The affidavit was sworn against appellee, Alberto San Pedro. We affirm.
We are unpersuaded by appellant’s argument that the circuit court is without jurisdiction in this cause. Because courts retain jurisdiction over their own records, the trial court had jurisdiction to unseal the arrest warrant affidavit. State v. Pena, 593 So.2d 282 (Fla. 4th DCA 1992) (en banc). Sealed court records may be unsealed upon “good cause shown” by the moving party. Times Publishing Co. v. Russell, 615 So.2d 158, 159 (Fla.), cert. denied, — U.S. -, 114 S.Ct. 381, 126 L.Ed.2d 330 (1993).
Here, appellee sought to have his arrest warrant affidavit unsealed demonstrating that the warrant was quashed and no formal charges were filed against him. This affidavit is an important item of evidence needed in his pending federal civil rights action. We determine that there is good cause to unseal the arrest warrant affidavit.
Further, appellee demonstrated that the affidavit could be disclosed because there is not a reasonable, good faith anticipation of arresting or prosecuting appellee in the foreseeable future. See § 119.011(3)(d)2, Fla. Stat. (1991). Thus, it did not constitute active criminal investigative information under section 119.07(3)(d). Additionally, most of the information contained in the affidavit was available to appellee through grand jury transcripts, appellee’s perjury trial, or by discovery. See Staton v. McMillan, 597 So.2d 940, 941 (Fla. 1st DCA), review dismissed, 605 So.2d 1266 (Fla.1992). Because good cause was shown for unsealing the ap-pellee’s arrest warrant affidavit, because this information does not constitute active criminal investigative information, and because most of the information was available to ap-pellee, we affirm the ruling of the trial court. Doe v. State, 595 So.2d 212, 214 (Fla. 5th DCA 1992).
Affirmed.