853 So.2d 582 (2003)
Carl Joseph ROBERTO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-665.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
*583 Robert J. Buonauro, P.A., Orlando, for Appellant.
John P. Booth, Assistant General Counsel, Florida Department of Law Enforcement and William L. Camper, General Counsel, Florida Parole Commission, Tallahassee, for Appellee.
THOMPSON, J.
Carl Joseph Roberto appeals a trial court order denying his request to compel[1] the Florida Department of Law Enforcement ("FDLE") to issue a certificate of eligibility pursuant to section 943.0585, Florida Statutes. The certificate of eligibility would have allowed him to have his conviction expunged. We affirm.
Roberto pled nolo contendere in 1981 to trafficking in methaqualone, a violation of section 893.135, Florida Statutes, and a first degree felony. He was adjudicated guilty and placed on ten years probation. His probation was terminated in 1988, and in September 2000, he received a pardon from the Office of Executive Clemency. The pardon read in part: "[W]ithout the right to own, possess, or use firearms since the Clemency Board does not grant the right to possess firearms to persons who reside outside the State of Florida." The pardon also provided: "This pardon does not provide, and shall not be construed to provide, eligibility for expungement or sealing of criminal records, or to require other Boards or Agencies to grant favorable consideration in matters within their respective jurisdictions." Thereafter, in spite of the clear language in the pardon, Roberto asked the FDLE for a certificate of eligibility to have his criminal record expunged. The request was denied because Roberto had been adjudicated guilty of the trafficking charge. Relying upon Doe v. State, 595 So.2d 212 (Fla. 5th DCA 1992), Roberto moved the circuit court for an order compelling FDLE to issue the certificate. The court treated the motion as petition for writ of mandamus and denied relief.
To have a criminal record expunged, a person must obtain a certificate of eligibility from the FDLE. § 943.0585 Fla. Stat. Section 943.0585(1) provides that a petition to expunge a criminal record is complete only when accompanied by a certificate of eligibility and a sworn statement that, among other things, the petitioner: "Has not been adjudicated guilty of, or adjudicated delinquent for committing, any of the *584 acts stemming from the arrest or alleged criminal activity to which the petition pertains." Roberto contends that the pardon had the effect of wiping out the conviction and that therefore he should not be deemed ineligible for an expunction based on the pardoned conviction. We disagree with this premise.
In Doe v. State, we reversed an order ruling that the petitioner was ineligible for expunction of his record because he had been convicted of the crime to which his petition pertained. The petitioner had received a "full and unconditional" pardon, and this court held that a full and unconditional pardon legally blots out the finding of guilt and removes all the legal consequences which flow from an adjudication of guilt. We stated that the pardonee is no longer legally considered "convicted" or "adjudicated guilty" of that crime. This court further rejected the argument that a pardon removes the disabilities that flow from an adjudication, but not the adjudication itself. This court stated that the argument failed to recognize the expansive nature of a full and unconditional pardon. Having in mind the fact that the governor's pardon power derives from the constitution,[2] we stated that the narrower construction of the statute would create a head-on confrontation between the power of the legislature to enact laws regarding convicted felons and the power of the executive to pardon convicted felons.
In Randall v. State, 791 So.2d 1238 (Fla. 1st DCA 2001), the First District disagreed with Doe and noted direct conflict. The instant case is distinguished from Doe and Randall in that Roberto's pardon specifically precludes it from being construed to allow for expunction of Roberto's conviction. That being so, this court does not need to reconsider Doe in light of the additional analysis in Randall, and the constitutional issue alluded to in Doe does not obtain in the instant case because it is the pardon itself which circumscribes Roberto's rights.
AFFIRMED.
SAWAYA, C.J. and TORPY, J., concur.
NOTES
[1] By agreement of the parties, Roberto's motion to compel was treated by the trial court as a petition for writ of mandamus. See Gay v. State, 697 So.2d 179 (Fla. 1st DCA 1997) (holding an amended motion to compel the release of records stated a preliminary basis for mandamus relief).
[2] Article IV, section 8 of the Florida Constitution provides: (a) Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses.