ANSTEAD, J.,
dissenting.
I cannot join in the majority’s decision to recede from this Court’s precedent dating to the mid-nineteenth century as to the manifest effect of the granting of an executive pardon. Not only does the majority brush aside our unambiguous and clearly controlling precedent, it also strikes a blow to a fundamental principle of the separation of powers: that the executive alone possesses the power to pardon. Today, we have sharply curtailed that power by validating legislative limitations that clearly conflict with the fundamental principle that the executive alone possesses the power to pardon and to determine the conditions that may be placed upon a pardon. For these reasons, I must respectfully dissent.
I need not set out this Court’s precedent on the effect of an executive pardon, since the majority has accurately done so. My disagreement with the majority rests in its rejection of the precedent as mere dicta. In fact, however, it is apparent that this Court first announced its views as to the effect of an executive pardon in a context directly relevant to the issue now before us. That is, we were asked to advise the executive, i.e., the Governor of Florida, as to the effect of an executive pardon. As the majority quotes we unambiguously declared in In re Executive Communication, 14 Fla. 318, 319 (1872):
In reply to your communication as to the effect of a pardon under the Constitution and laws of the State of Florida, I would respectfully state that “a pardon *1282 reaches both the punishment prescribed for the offence, and the guilt of the offender. When the pardon is full, it remits the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching; if granted after conviction, it removes the penalties and disabilities and restores him to all his civil rights. It makes him as it were a new man, and gives him a new credit and capacity. There is only this limitation to its operation: it does not restore offices forfeited or property or interests vested in others in consequence of the conviction and judgment.” (Ex parte Garland, [71 U.S. (4 Wall.) at 380, 18 L.Ed. 366]).
(Emphasis added.) Since 1872, as the discussion in the majority makes clear, we have consistently adhered to this precedent regardless of the context in which this issue has come before us.[7] It is important to note not only the clarity of our opinion, but also to note that every Florida executive since 1872 has, by virtue of our opinion, been on express notice as to the effect of the granting of a pardon.
In addition.to adherence to our precedent, which recognizes the exclusive authority of the executive branch to pardon and provides clarity and consistency to the law of pardons, I am concerned that our decision today now puts the exclusive authority of the executive to grant a full pardon in' doubt. Since the majority has taken the position that the executive’s power is essentially limited to punishment, i.e., a “Get Out of Jail” card, there is now a very fuzzy line as to where the executive power ends and the legislative power begins.
The majority fails to come to grips with the situation, for example, of the wrongfully convicted citizen who convinces a governor of her innocence and is granted a pardon as a consequence. Under our holding today, the governor’s pardon will have little effect beyond barring continuing punishment and restoring civil rights.[8] In effect, we have sharply restricted the authority of an executive to find innocence and to issue a pardon in recognition of that innocence. In other words, we have created a distinction between the effect of an appellate court, for example, setting aside a conviction, and the power of the executive, by a. pardon, to set aside a conviction.
In addition, without offering any rationale, we have restricted the authority of the executive to grant a full pardon after conviction, while leaving undisturbed the executive’s authority to grant a full pardon before conviction. This, of course, is another deviation from our precedent that recognized that the effect of a pardon should be the same whether granted before or after conviction.
I dissent.

. This does not mean that regulatory boards or other agencies are necessarily barred from considering the underlying conduct that gave rise to the criminal charges. We have recognized, for example, that conduct alleged as a basis for probation revocation may be considered regardless of the outcome of criminal proceedings based on that same conduct. Russ v. State, 313 So.2d 758, 760 (Fla.1975).

. Of course, the executive has always retained the authority to limit the effect of a pardon in any way the executive deems advisable, which would include preservation and access to criminal conviction records. See Roberto v. State, 853 So.2d 582 (Fla. 5th DCA 2003).