444 So.2d 1082 (1984)
Lewis Simpson WALTON, Appellant,
v.
Ralph D. TURLINGTON, As Commissioner of Education, Appellee.
No. AS-283.
District Court of Appeal of Florida, First District.
January 25, 1984.
Rehearing Denied February 24, 1984.
*1083 Richard H. Frank and Richard T. Donelan, Jr., Law Offices of Frank & Kelly, P.A., Tampa, for appellant.
Judith A. Brechner, Gen. Counsel, State Board of Educ., Tallahassee, for appellee.
LARRY G. SMITH, Judge.
In this administrative appeal, Walton questions the effect of the court-ordered "sealing" under Section 943.058, Florida Statutes (1981), of his plea of nolo contendere to a charge of possession of marijuana, upon the subsequent action of the Education Practices Commission in revoking his teaching certificate for three years because of his conduct. We hold, contrary to Walton's contentions, that the court sealing of the record of his criminal prosecution, plea, and probationary disposition, did not bar the Commission's action against him, nor did it bar the use of testimony of police officers whose recollection of the marijuana incident was refreshed by reference to copies of their police reports prepared in connection with the marijuana prosecution. We affirm.
Appellee Turlington, as Commissioner of Education, charged in an administrative complaint that Walton, an annual contract high school teacher, by his possession of marijuana and marijuana paraphernalia was guilty of an act of gross immorality and moral turpitude, and of conduct which seriously reduced his effectiveness as an employee of the school system contrary to Section 231.28, Florida Statutes. At an evidentiary hearing before a DOAH hearing officer, the Board presented the testimony of two police officers who admitted that prior to their testimony they had refreshed their recollections by reading their copies of police reports prepared in connection with the marijuana prosecution. The hearing officer concluded that these copies of the police reports were the basis for a "record" within the meaning of the expungement statute, Sections 943.045(7), 943.058, Florida Statutes (1981). The hearing officer concluded that the testimony of the police officers was inadmissible, and since it was essential to proof of the charges, the administrative complaint should be dismissed.
The Commission adopted the hearing officer's findings of fact, but disagreed with his conclusions of law. The Commission found that the findings demonstrated that appellant was in possession of marijuana and was therefore guilty of gross immorality and an act involving moral turpitude; further, that Walton's conduct reduced his effectiveness as a school board employee as a matter of law. Accordingly, the Commission revoked his teaching certificate for three years.
Appellant contends that when all the provisions of Chapter 943 are considered together, the legislative purpose behind Section 943.058(6) is to permit judicial obliteration of all matters associated with an otherwise blameless individual's encounter with the state's criminal justice system. Underlying Section 943.058(6), appellant contends, is the principle of amnesty for individuals with minimal criminal involvement. He maintains that pursuant to Section 943.058, the trial court absolved him from the consequences of his past arrest and prosecution, and appellee was not authorized to take account of the events associated with his former arrest so as to find him guilty of gross immorality and strip him of his teaching certificate as a consequence.
*1084 We disagree with the Commission's argument that the effect of the expungement statute is analogous to the granting of a full pardon by the Board of Pardons, and the cases it cites dealing with the effect of a pardon on subsequent disciplinary action are not persuasive. However, we agree that it is appellant's conduct, not the criminal charge of conviction nor the records thereof, which forms the basis of the administrative complaint. We are in accord with appellee's contention that the expungement of the records of the criminal prosecution places appellant in the same position as if he had never been charged with the crime. This does not mean, of course, that appellant may not be held responsible for his actions in a noncriminal proceeding, for as the Commission appropriately observes, it is not necessary for a teacher to be charged with or convicted of a crime in order to be subject to revocation of his certificate based upon conduct reflecting gross immorality or moral turpitude.
In sum, Section 943.058 merely seals appellant's criminal record, it does not expunge his "criminal conduct." Although we find no helpful Florida authority, we note the same interpretation of a similar Massachusetts statute. Mass.Gen.L.Ch. 94C, Sections 34 and 44, was approved in McDowell v. Goldschmidt, 498 F. Supp. 598 (U.S.D.C., Conn. 1980), in connection with the dismissal of an F.A.A. air traffic control specialist convicted of possession of marijuana, and subsequently discharged by the F.A.A. We recognize that in McDowell's case his criminal record for possession of marijuana was not sealed until after his discharge by the F.A.A., a fact taken into account by the Federal District Court. However, McDowell had sought reinstatement of his F.A.A. position based upon the expungement of his criminal records, and it was therefore pertinent for the court to observe that it was his misconduct, rather than the existence of a record of a judgment of conviction, with which the F.A.A. was properly concerned. See also, Taylor v. United States Civil Service Commission, 374 F.2d 466 (Ca.9, 1967), upholding the removal of an employee, notwithstanding the fact that his convictions had been expunged pursuant to a California probation statute, on the ground that he had twice engaged in immoral conduct violating the California Vagrancy Statute, and did not thereafter register as a sex offender.
Finally, we agree with the Commission that it was permissible for the police officers to refresh their recollections by viewing the police reports. Erhardt, Florida Evidence, Section 61.1, page 199 states: "If the witness' memory is jogged and his testimony is based upon his independent recollection, it is immaterial what constitutes a spur to his memory. The testimony is from the memory of the witness and not from the writing or document. Therefore, the document need not be written by the witness himself, need not comply with the best evidence rule, need not have been made contemporaneously with the event and in fact need not be independently admissible." See, also, Garrett v. Morris Kirschman and Company, Inc., 336 So.2d 566 (Fla. 1976).
The order appealed from is AFFIRMED.
WIGGINTON and NIMMONS, JJ., concur.