SALMON, MICHAEL H., Associate Judge.
Meredith’s van was seized by the appellant (the City), and became the subject matter of an action for forfeiture brought by the City pursuant to the provisions of the Florida Contraband Forfeiture Act. That action was decided adversely to the City, and the van was returned to Meredith. He then instituted this action claiming, among other things, damages pursuant to 42 U.S.C. § 1983 (Count III). Granting a motion in limine, the trial court prohibited the City from offering evidence showing that Meredith had committed a felony under circumstances that would have made the seizure and forfeiture appropriate. This ruling resulted in a partial summary judgment on the issue of liability. A non-jury *760 trial was held on the issue of damages, and resulted in a Final Judgment awarding-damages to Meredith.
A summary judgment should not be granted unless, construing all the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla.1966). The trial court should not have granted the motion in limine;[1] there are genuine issues of material fact precluding entry of summary judgment upon the issue of liability. Because the partial summary judgment was error, and because it appears that the Final Judgment was issued at a time that the trial court lacked jurisdiction because of proceedings pending in this court, it must be vacated.
Reversed and remanded with directions to vacate the final judgment and for further proceedings not inconsistent with this opinion.
ANSTEAD and HURLEY, JJ., concur.

. It seems that the reason for the ruling was that the records of the criminal proceedings out of which the seizure of appellee’s van arose were sealed and expunged pursuant to § 943.-058, Fla.Stat. and therefore no proof of the facts surrounding the incident leading to the seizure could he admitted into evidence. The records may be sealed and expunged pursuant to the statute, but the events they concern do, nonetheless, have existence. Ulinsky v. Avignone, 372 A.2d 620 (Superior Court of New Jersey, Appellate Division, 1979). Those events seem relevant to appellee's action, and should not have been excluded by the order granting the motion in limine.