FERGUSON, Judge.
Plaintiffs/appellants brought this action to recover for damages caused, allegedly, by an act of arson. This appeal, after a judgment for the defendant/appellee, is grounded on an interlocutory order which denied plaintiff’s motion to compel production of the defendant’s sealed criminal records.[1]
Criminal history records which have been expunged or sealed are not discoverable for the purpose of a civil action against the defendant arising out of the same facts giving rise to the criminal prosecution. Such records which have been sealed pursuant to statute are “available only to the subject, his attorney, or to *425 criminal justice agencies for their respective criminal justice purposes.” § 943.-058(3), Fla.Stat. (1983). Even though the records have been sealed or expunged, the events they concern continue to have existence and may be discovered by other means. See City of West Palm Beach v. Meredith, 473 So.2d 759 (Fla. 4th DCA 1985); Walton v. Turlington, 444 So.2d 1082 (Fla. 1st DCA 1984).
The order of the trial court which denies plaintiffs’ motion to compel production of the defendant’s sealed criminal record is
AFFIRMED.

. A stated ground in plaintiffs’ motion for new trial was that "[t]he Court ... erred in disallowing certain testimony to be read into the record concerning the investigation made by the expert, W.A. Kennedy, into the arson simply because it mentioned police officers or criminal investigation." That evidentiary ruling is not an issue in this appeal.