592 So.2d 808 (1992)
John Lewis RUSSELL, III, Appellant,
v.
TIMES PUBLISHING COMPANY, Miami Herald Publishing Company, and State of Florida, Appellees.
No. 91-1469.
District Court of Appeal of Florida, Fifth District.
February 7, 1992.
Richard S. Blunt, Tampa, for appellant.
George K. Rahdert, Thomas H. McGowan, Alison M. Steele, of Rahdert & Anderson, St. Petersburg, for appellees Times Publishing Co. and Miami Herald Publishing Co.
Lawson L. Lamar, State Atty., and William C. Vose, Chief Asst. State Atty., Orlando, for appellee State of Fla.
HARRIS, Judge.
In the spring of 1991, the Times Publishing Company (the St. Petersburg Times) and the Miami Herald Publishing Company discovered that John Lewis Russell, III (the founder and chief executive officer of the Bureau of Missing Children, Inc.  a charitable fund raising organization) had obtained three orders sealing *809 court files relating to arrests in Orange County.[1]
The Times and the Herald moved to "intervene" in the closed, sealed cases of State v. Russell, numbers 77-1096, 75-3275 and one other unknown number and to unseal these records because:
Well established principles of federal and state constitutional and common law require that these court records be opened for public inspection.
The trial court, without taking any testimony and without receiving any documentary evidence, granted the motion to intervene and unsealed the court files. We reverse.
Most of the authority cited by petitioner relates to open court proceedings. We agree that the public should have full access to trials and other public proceedings. The rights of the press are coextensive with the rights of the public.
The question before us is whether properly sealed court records remain "public records" within the meaning of our statutes and constitution.[2] We hold that they do not. They are former public records, now sealed, subject to being reopened as public records upon "good cause shown."[3]
We can envision some "good cause" reasons for unsealing records; for example, if judicial conduct is questioned. In that event the court file, with the individual defendant's name redacted, could be made available. Also, if it is shown that the defendant perjured himself in order to obtain the sealing, the file should be reopened.
In the instant case, there was no "good cause" pled and no evidence offered. The cause is remanded with directions to continue the files under seal.
REVERSED and REMANDED.
COWART and DIAMANTIS, JJ., concur.
NOTES
[1] This information was discovered during litigation to unseal certain records of Russell in Hillsborough County, a matter presently pending before the Second District Court of Appeal.
[2] Neither party in their brief nor in their oral presentation discussed the Florida constitutional right to privacy. Although the right yields to public records disclosure, does it attach to those records once public but now sealed?
[3] Although the court's authority to seal its own records is not based on statute, it is nevertheless analogous to the statutory power given to "seal or expunge" arrest records. As the supreme court held in Johnson v. State, 336 So.2d 93 (Fla. 1976):

Therefore, to achieve the legislative purpose in this case we hold that to the extent that Chapter 74-206, Laws of Florida 1974, grants a substantive right to a defendant, the statute is valid; and we find that the law is substantive to the degree that it protects appellant from having his record left open for public inspection in the Criminal Division of the Circuit Court. To achieve the legislative intent under the unique circumstances of the instant case without violating the Constitution, we direct the learned trial judge to seal Appellant's record and to retain it sealed subject to the power of the court for good cause shown to open it under conditions wherein the ends of justice may require it.
* * * * * *
Nevertheless, insofar as chapter 74-206, Laws of Florida 1974, attempts to establish procedure for the accomplishment of the new, substantive right, we find and so hold that it is an encroachment upon the judicial function and, therefore, unconstitutional to that degree. Consequently, the Court will consider adoption of a rule to effectuate the legislative intent by requiring the sealing of court records of first offenders found innocent or those persons against whom criminal proceedings are dismissed. [Emphasis added.]