SMITH, Judge.
In these consolidated cases, Katie Tucker and Donald Resha seek certiorari review of the same order of the circuit court, partially unsealing the criminal records of Katie Tucker. We grant Tucker’s petition and quash the order of the circuit court.
Katie Tucker, who was the executive director of the Florida Department of Revenue, was suspended as the result of allegations that she had abused her authority by using the machinery of government to investigate her husband’s former political opponent, Donald Resha. Ultimately, she pled nolo contendere to the charge of attempted official misconduct, a first degree misdemeanor, and was sentenced to probation and payment of costs, with adjudication of guilt withheld.
In the meantime, Donald Resha brought two civil suits in Leon County Circuit Court; in one, Katie Tucker is the defendant, and in the other she is allegedly a key adverse witness for both parties in a negligence action brought by Resha against the State of Florida. During discovery, Resha learned that Tucker had sought and obtained an order sealing her criminal records. He filed a motion to vacate the order in Tucker’s sealed criminal proceeding. The trial court ruled that the files should remain sealed, except that the attorneys of record for Donald Resha could have access to the records, reports and evidence contained in the sealed files of the Florida Department of Law Enforcement and the Florida Department of Revenue. The order permitted the attorneys for Re-sha to use the contents of these files in connection with Resha’s civil cases, without ruling on admissibility, but other use was prohibited.
Both parties seek review of the order — Resha contending that the trial court should have unsealed Tucker’s entire record and Tucker contending that Resha failed to present sufficient evidence to warrant the court’s order partially unsealing her record.[1] We agree with Tucker that as *18 the moving party below, Resha bore the burden of proof and he failed to demonstrate under any test,[2] a basis for unsealing, even in part, Tucker’s records.
The cases suggest that good cause for unsealing could be shown by demonstrating that the party who sought and obtained the sealing order (in this case Katie Tucker) did so through fraud or perjury, or that the trial court entered the sealing order through mistake or inadvertence, or maybe even that the beneficiary of the sealing order has not profited from the act of judicial grace and has been subsequently convicted of other crimes. Russell v. Times Publishing Co., 592 So.2d 808 (Fla. 5th DCA1992); and Russell v. Miami Herald Publishing Co., 570 So.2d 979 (Fla. 2d DCA1990) (majority and concurring opinions).
Resha did not establish that Tucker committed fraud or perjury in obtaining the sealing order. His contention that she had an adjudication of guilt or conviction contrary to section 943.058(7)(b), Florida Statutes (1989) based upon the definition of “convicted” or “conviction” in section 287.-133(b), Florida Statutes (1989), a statute dealing with the denial or revocation of the right to transact business with public entities if one has been convicted of a public entity crime, is meritless, and warrants no discussion.
Next, Resha’s contention that the sealing proceeding was defective because he, as a “victim,” was not present or permitted to be heard is without authority. First, Resha has not demonstrated that he is a victim for purposes of the recently enacted “rights of victims” amendment to the Florida Constitution, Article I, section 16(b). Further, he has not cited any authority that a sealing proceeding is a crucial stage of a criminal proceeding within the meaning of the amendment.
Resha’s contention that he will be denied access to the courts if the records are not unsealed is equally without authority or evidentiary support. Resha failed to demonstrate a compelling necessity for these records and the unavailability or lack of other means of obtaining the information sought.
Finally, Resha’s contention that the trial court’s order sealing Tucker’s record violates the public’s right to know ignores the facts and circumstances of this case. The public and press had access to the criminal proceedings against Katie Tucker. It was not until the conclusion of these proceedings that the sealing order was entered. Resha’s reliance on Barron v. Florida Freedom Newspapers, 531 So.2d 113 (Fla.1988) is misplaced. In Barron, Dempsey Barron had sought and obtained closure of his divorce proceedings. Unlike Barron, the criminal proceedings against Katie Tucker were not closed to the public or press.
Having otherwise failed to demonstrate a basis for unsealing Tucker’s records, Resha is not entitled to have the records unsealed simply because of his status as a plaintiff in a civil action arising out of the same occurrence. Griss v. Cardonne, 546 So.2d 1171 (Fla. 3d DCA1989); Sussex Mutual Insurance Co. v. Ruiz, 508 So.2d 424 (Fla. 3d DCA1987); City of West Palm Beach v. Meredith, 473 So.2d 759 (Fla. 4th DCA1985); and Walton v. Turlington, 444 So.2d 1082 (Fla. 1st DCA1984).
Katie Tucker’s petition for writ of certio-rari is GRANTED. Resha’s petition for writ of certiorari is DENIED.
WRIT ISSUED.
ZEHMER and WEBSTER, JJ., concur.

. As a practical matter, it appears that the court’s order would substantially deprive Tucker of the benefit of the original closure order.

. See Russell v. Miami Herald Publishing Co., 570 So.2d 979 (Fla. 2d DCA1990) setting forth a three-prong test for a moving party seeking to unseal records, and Russell v. Times Publishing Co., 592 So.2d 808 (Fla. 5th DCA1992) suggesting that a party seeking to unseal court files must demonstrate good cause for doing so.