615 So.2d 158 (1993)
TIMES PUBLISHING COMPANY, Miami Herald Publishing Company, and the State of Florida, Petitioners,
v.
John Lewis RUSSELL, III, Respondent.
No. 79496.
Supreme Court of Florida.
March 11, 1993.
Lawson L. Lamar, State Atty. and William C. Vose, Chief Asst. State Atty., Orlando and George K. Rahdert and Alison M. Steele of Rahdert & Anderson, St. Petersburg, for petitioners.
Richard S. Blunt, Tampa, for respondent.
McDONALD, Justice.
We accepted review of Russell v. Times Publishing Co., 592 So.2d 808 (Fla. 5th DCA 1992) (Russell II), based on the Times' argument that the district court's opinion conflicted with Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982), Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988), and Russell v. Miami Herald Publishing Co., 570 So.2d 979 (Fla. 2d DCA 1990) (Russell I). Pursuant to article V, section 3(b)(3) of the Florida Constitution, this Court has subject-matter jurisdiction over any decision of a district court of appeal that "expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law." Because Russell II does not present the necessary express and direct conflict, this Court lacks jurisdiction to decide the case.
In Lewis, we established a three-prong test for determining whether criminal pretrial proceedings should be closed to the general public. The Lewis test requires that the party seeking closure prove the following:
1. Closure is necessary to prevent a serious and imminent threat to the administration of justice;
2. No alternatives are available, other than change of venue, which would protect a defendant's right to a fair trial; and,
3. Closure would be effective in protecting the rights of the accused, without being broader than necessary to accomplish this purpose.
Lewis, 426 So.2d at 6. The Lewis test was designed to "address the problems of prejudicial pretrial publicity and the competing constitutional rights to a fair trial by an impartial jury for criminal defendants." Barron, 531 So.2d at 118. In Barron, where the issue involved closure of a civil divorce proceeding, we placed the burden of justifying closure on the party seeking closure. Id.
In both Lewis and Barron, Florida's strong public policy in favor of open government warranted the placement of the burden on the party seeking closure. In the instant case, the district court held that properly sealed court records cannot be unsealed unless the party seeking to unseal the records shows "good cause." Russell II, 592 So.2d at 809. Seeking to close records *159 that are presumably open is a substantially different task than seeking to open records that have already been closed by a court. Therefore, we find that the district court's placement of the burden and its "good cause" standard in the instant case does not conflict with the burden and tests articulated in Lewis and Barron. Furthermore, the district court's opinion in the instant case does not conflict with the Second District Court of Appeals' decision in Russell I.[*] In Russell I, as in the instant case, the court placed the burden of proof on the party seeking to reopen sealed records.
Because we do not find any conflict to support this Court's jurisdiction, the petition for review is dismissed.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.
NOTES
[*] Nor is Russell II in conflict with cases decided subsequent to that decision.