697 So.2d 207 (1997)
Duke H. SCOTT, M.D., Petitioner,
v.
Brenda NELSON, Joan Putnam, and Sherry Clay, Respondents.
No. 96-3074.
District Court of Appeal of Florida, First District.
July 22, 1997.
Mary Bland Love and Kelly B. Mathis of Gobelman and Love, Jacksonville; Joseph P. Milton of Milton & Leach, P.A., Jacksonville, for Petitioner.
Jerry J. Waxman of Waxman & Siemer, P.A., Jacksonville, for Respondents.
JOANOS, Judge.
Petitioner seeks certiorari review of an order granting respondents' motion to unseal the circuit court file in this cause. We grant *208 the petition, and quash the order of the circuit court.
Petitioner is a practicing physician. In 1988, one of his former patients alleged she had been sexually molested by the petitioner. As a result of the allegations, St. Vincent's Ambulatory Care, Inc. (St.Vincent's) severed its professional contract with the petitioner. Petitioner then filed a breach of contract action against St. Vincent's. Thereafter, St. Vincent's and the petitioner entered into a settlement agreement which resolved the contract action. Pursuant to that settlement agreement, the St. Vincent's court file was sealed.
In 1989, Sara A., petitioner's former patient, filed suit against petitioner predicated on allegations of sexual misconduct. The Sara A. case was settled, with a stipulation for dismissal of the action with prejudice. The case was dismissed, and the Sara A. court file was sealed.
On October 10, 1994, respondents Brenda Nelson, Joan Putnam, and Sherry Clay, petitioned the circuit court as unidentified parties to unseal the Sara A. court file. In a different division of the circuit court, respondents filed a contemporaneous motion to unseal the St. Vincent's court file. Both motions were denied. Respondents did not appeal either of the 1994 orders denying their motions to unseal the sealed Sara A. and the sealed St. Vincent's circuit court files.
In April 1995, Nelson, Putnam, and Clay filed suit against petitioner, petitioner's employer, two health care organizations, and an insurance company. The complaint accused petitioner of sexual misconduct against Nelson, Putnam, and Clay.
In May 1996, Nelson, Putnam, and Clay (respondents) filed a second motion to unseal the St. Vincent's circuit court file. As grounds therefor, respondents alleged they had filed suit against the petitioner and various corporate defendants, seeking damages based on allegations of battery, medical malpractice, intentional infliction of emotional distress, and violation of the Florida Civil RICO Act. Respondents asserted the St. Vincent's court file was directly relevant to their lawsuit, and maintained their case was severely prejudiced by their lack of access to the sealed St. Vincent's court file. Respondents further asserted that their action of filing a lawsuit against petitioner and the corporate defendants constituted "good cause" to unseal the St. Vincent's court file. Petitioner filed an objection to respondents' motion to unseal the St. Vincent's court file.
Subsequently, a Duval County Circuit Court judge serving in Division CV-B issued an order granting respondents' request for access to the sealed court file in the St. Vincent's case. The Division CV-B circuit court judge made no finding of "good cause" for the unsealing, nor did the judge articulate a rationale for the ruling.[1]
In Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla. 1988), the supreme court articulated the standard or test for determining an initial closure request in civil proceedings. The court instructed that closure of court proceedings or records should occur only when necessary (1) to comply with established public policy; (2) to protect trade secrets; (3) to protect a compelling governmental interest; (4) to obtain evidence to properly determine legal issues in a case; (5) to avoid substantial injury to innocent third parties; or (6) to avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of civil proceeding sought to be closed. Before entering a closure order, the trial court should determine that no reasonable alternative is available to accomplish the desired result, and if not, the court must use the least restrictive means to accomplish its purpose. In the initial closure determination, *209 the burden of proof is on the party seeking closure. Id. at 119.
Subsequently, in Times Publishing Company v. Russell, 615 So.2d 158 (Fla.), cert. denied, 510 U.S. 943, 114 S.Ct. 381, 126 L.Ed.2d 330 (1993), the court explained that the standard applicable to an initial closure request is different from the standard applicable to a request to open records that have already been closed by a court. The court held that properly sealed court records cannot be reopened absent a showing of "good cause." The burden to show good cause is on the party seeking to reopen court records. Id. at 159, approving the decision in Russell v. Times Publishing Co., 592 So.2d 808 (Fla. 5th DCA 1992). In Russell, the court concluded that properly sealed court records are no longer "public records" within the meaning of the state statutes and constitution. Rather, "[t]hey are former public records, now sealed, subject to being reopened as public records upon `good cause shown.'" Russell, 592 So.2d at 809 (emphasis supplied).
Sealed court records are entitled to a presumption that the sealing was properly and correctly done. Russell v. Miami Herald Publishing Co., 570 So.2d 979, 983 (Fla. 2d DCA 1990); Sentinel Communications Company v. Smith, 493 So.2d 1048, 1049 (Fla. 5th DCA 1986), review denied, 503 So.2d 328 (Fla.1987). In Sentinel, the court observed that, as in all cases, the burden was on the moving party (1) to demonstrate that the original order sealing the court records was legally in error, or if the original sealing order was correct, (2) "to demonstrate that there has been such a substantial, material change in circumstances that under law it is error to keep the court records sealed." 493 So.2d at 1049.
In Resha v. Tucker, 600 So.2d 16, 18 (Fla. 1st DCA 1992), cert. denied, 510 U.S. 943, 114 S.Ct. 381, 126 L.Ed.2d 330 (1993), this court reiterated that the party seeking to reopen sealed court records must "demonstrate a compelling necessity for these records and the unavailability or lack of other means of obtaining the information sought." The court further ruled that a party is not entitled to have sealed records unsealed merely because of his or her status as a plaintiff in a civil action arising out of the same occurrence. Id.
In this case, respondents were the parties seeking to open records which previously had been closed by a presumptively correct court order. Therefore, it was respondents' burden to show either that the original order sealing the records was incorrect, or to show there had been such a substantial material change in circumstances as to make it unlawful to keep the records sealed. In our view, respondents failed to meet that essential burden.
Respondents acknowledge they are unable to show that the order sealing the court file was in error. In their second petition to unseal the court file, respondents asserted that the substantial change in material circumstances which made it error to keep the file sealed was "the filing of the lawsuit against Scott and the corporate defendants." In Resha, this court held unequivocally that one's status as a plaintiff in a civil action arising out of the same occurrence does not constitute good cause to unseal records. Resha, 600 So.2d at 18. The principle is particularly appropriate in this case, since the record indicates both cases involving petitioner were settled with no determination as to the truth of the allegations. Further, it appears the Sara A. case was settled over petitioner's objection.
Respondents' claims that the information they seek is unavailable without access to the sealed file does not bear scrutiny. Respondents' lawsuit involves three plaintiffs, all of whom were former patients of the petitioner. Since one may reasonably assume that the conduct complained of did not occur at one time and place, the three plaintiffs are available to testify concerning an alleged pattern of criminal activity.
In the order granting respondents' motion to unseal the St. Vincent's court file, the circuit court made no finding that respondents established the existence of "good cause" to open the sealed file, nor does the order include language which suggests the court made a determination that this essential *210 standard had been met. Respondents' argument that the finding is inherent in the ruling is not persuasive. Equally unpersuasive is the argument that the circuit court is not required to make specific findings in support of its ruling. Specific findings are mandated in an order sealing court records "so that appellate review can be had." Goldberg v. Johnson, 485 So.2d 1386, 1387 (Fla. 4th DCA 1986). The reason for such requirement is as applicable to an order unsealing a properly sealed record as it is to an initial closure order.
We conclude the non-final order granting access to the sealed St. Vincent's court file departs from the essential requirements of law, and causes injury to petitioner which cannot be redressed on review of the final judgment. Further, respondents have failed to demonstrate the existence of good cause to support the order unsealing the St. Vincent's circuit court file.
Accordingly, we grant the petition for writ of certiorari and quash the order granting access to the sealed St. Vincent's circuit court file.
BOOTH and WOLF, JJ., concur.
NOTES
[1] As they had done previously in 1994, respondents filed a second motion to unseal the court file in the Sara A. case contemporaneously with the motion to unseal the court file in this case. The Sara A. case was in Division CV-G of the Duval County Circuit Court. The Division CV-G judge assigned to consider the motion to unseal the Sara A. court file, found respondents' motion barred by virtue of their failure to appeal the 1994 order which denied access to the Sara A. court file, and further found the motion failed to set forth good cause for unsealing the court file.