W. SHARP, Judge.
The Ocala Star-Banner appeals from the denial of its motion to intervene in, and gain access to, records and documents that had been sealed in a closed criminal case. On April 12, 1996, the trial judge ordered that HRS and Public Health Department personnel appear and testify, and produce requested records in a criminal ease regarding the evaluation and treatment of minor children. The order provided that the records produced and the testimony of HRS and Public Health Department personnel would be sealed and they would not constitute a part *1318 of the public record without further order of the court. We affirm.
In 1993, Clinton Adams was charged with several counts of battery on his children and stepchildren. He was also involved in a separate dependency proceeding brought by the Department of Health and Rehabilitative Services. One of the allegations against Adams was that he transmitted to the children a sexually transmissible disease. In 1996, the trial judge rendered the order discussed above. It is based on section 384.29,[1] which provides for confidentiality of information and records concerning suspected cases of sexually transmissible diseases, and expressly exempts them from the provisions of section 119.07(1).[2] See Barron v. Florida Freedom Newspapers, 531 So.2d 113, 118 (Fla.1988).
The Ocala Star-Banner then filed a motion to intervene and for access to the sealed documents and trial testimony in the criminal case. At a hearing held on this motion, the trial judge ruled that information regarding sexually transmitted diseases was confidential and sealed, but that any other information would be open to the public. No written order was apparently placed of record.
Adams’ trial began on September 18,1996. When he changed his plea from not guilty to guilty, the trial ended. On October 3, 1996, the Ocala Star-Banner renewed its motion to intervene and for access to sealed documents. The trial judge denied the motion.
We agree that the sealed documents and testimony concerning sexually transmitted diseases were properly excluded from public disclosure. Barron v. Florida Freedom Newspapers; Russell v. Times Publishing Co., 592 So.2d 808 (Fla. 5th DCA 1992), rev. dismissed, 615 So.2d 158 (Fla.1993).
Further, the newspaper in this case made no additional effort to show good cause why the sealed records should be unsealed, as we required in Russell. In that ease, this court envisioned “good cause” as including situations in which judicial conduct was questioned or possible perjury by the party who obtained the sealing of the record was under *1319 investigation. No such basis was asserted in this case.
The Ocala Star-Banner argues that the court should have employed less restrictive measures to protect the confidentiality of the parties involved. However, it is not clear that a redacted version of the sealed records or testimony would be of any value in this case. We interpret the order sealing the records as sealing and protecting from public disclosure only those portions of the record which pertain to sexually transmitted diseases.[3] Compare Ocala Star Banner Corp. v. McGhee, 643 So.2d 1196 (Fla. 5th DCA 1994).
AFFIRMED.
GRIFFIN, C.J., and ANTOON, J., concur.

. Section 384.29, Florida Statutes (1995) provides:
384.29 Confidentiality.—
(1)All information and records held by the department or its authorized representatives relating to known or suspected cases of sexually transmissible diseases are strictly confidential and exempt from the provisions of s. 119.07(1). This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14. Such information shall not be released or made public by the department or its authorized representatives, or by a court or parties to a lawsuit upon revelation by subpoena, except under the following circumstances:
(a) When made with the consent of all persons to which the information applies;
(b) When made for statistical purposes, and medical or epidemiologic information is summarized so that no person can be identified and no names are revealed.
(c) When made to medical personnel, appropriate state agencies, public health agencies, or courts of appropriate jurisdiction, to enforce the provisions of this chapter or s. 775.0877 and related rules;
(d) When made in a medical emergency, but only to the extent necessary to protect the health, or life of a named party, or an injured officer, firefighter, paramedic or emergency medical technician, as provided in s. 796.08(6); or
(e)When made to the proper authorities as required by chapter 415.
(2) When disclosure is made pursuant to a subpoena, the court shall seal such information from further disclosure, except as deemed necessary by the court to reach a decision, unless otherwise agreed to by all parties. Except as provided in this section, such information that is disclosed pursuant to a subpoena is confidential and exempt from the provisions of s. 119.07(1). This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.
(3) No employee of the department or its authorized representatives shall be examined in a civil, criminal, special, or other proceeding as to the existence or contents of pertinent records of a person examined or treated for a sexually transmissible disease by the department or its authorized representatives, or of the existence or contents of such reports received from a private physician or private health facility, without the consent of the person examined and treated for such diseases, except in proceedings under ss. 384.27 and 384.28 or involving offenders pursuant to s. 775.0877.

. Section 119.07(1), Florida Statutes (1995) provides for the inspection, examination and duplication of public records.

. If in fact the clerk is sealing other portions of Adams' criminal file, that action would not he authorized.