PER CURIAM.
■ Appellant appeals from a final administrative order denying his application for a Florida Educator’s Certificate. The following are some of the findings of fact made by the administrative law judge:
*1249 1. In 1986, Petitioner, Scott William Katz (Katz), applied for a Florida Educator’s Certificate, and his application was denied by Final Order issued on September 3, 1987. His application was denied for the following reasons. In 1984, Katz received a private reprimand from the Florida Supreme Court for threatening criminal prosecution to gain advantage in a civil matter. In 1986, Katz was disbarred from the practice of law in Florida for representing one party in a divorce proceeding after having previously represented the opposing party; misrepresenting a material fact in a sworn pleading he filed in Federal District Court; and coercing a former client into paying him for a claim that had no legal basis. In July and August 1986, Katz engaged in the practice of law or held himself out as an attorney after being disbarred from the practice of law in Florida. As a result of his being disbarred in Florida, Katz was disbarred from the practice of law in Oklahoma.
[[Image here]]
3. On June 27, 1991, Katz pled nolo contendere to a charge of trespassing after warning in Palm Beach County Court, Case number 91-6009MM-A02. Adjudication was withheld, and Katz was placed on probation for six months. Probation was revoked. On December 20, 1991, Katz was convicted in Palm Beach County Court of trespassing after warning in Case number 91-6009MM-A02 and violation of a restraining order in Case number 91-8001MM-A02.
4. On February 21, 1992, Katz was adjudicated guilty of petit theft in Palm Beach County Court Case number 91-10102, after having pled nolo contendere to the charge.
[[Image here]]
7. In the late afternoon of December 1, 1998, Katz was at home with his wife, Violet, and his stepchildren, Issac, Stephanie, and Enrique Sasson. Issac was seven years old. Katz became upset with Issac because he failed to flush the toilet. Katz grabbed Issac, hit him, and took him outside, saying that he was going to take Issac to Issac’s grandmother’s house to live. Katz hit the child when they were outside with an open hand and a closed fist and tried to force Issac into the car. Issac banged his leg on the car door as Katz was attempting to push Issac into the back seat. A few minutes later, Katz and the child went back inside their home.
* * *
10. Officer Sinnott interviewed Violet Katz, who appeared upset but was rational and coherent. Out of the presence of the children in the house, Ms. Katz told the police officer that Issac had not flushed the toilet and Katz told her to punish the children. She decided to withhold television privileges for a week. Katz was unhappy with the punishment that she was going to administer to Issac. Katz grabbed Issac, threw him about the living room, hit him with an open hand, and dragged Issac outside, saying that he was going to take Issac to his grandparents’ house to live.
11. Officer Sinnott saw Issac, who was missing a front baby tooth and had bruises on his arm and inner thigh. There was some blood on Issac’s shirt. Issac indicated that his thigh hurt. Photographs were taken at the scene showing the injuries.
[[Image here]]
24. Katz was arrested and charged with aggravated child abuse. The case was later nolle prossed.
The judge concluded:
27. Section 231.17(10)(a), Florida Statutes, provides:
The Department of Education may deny an applicant a certificate if the department possesses evidence satis *1250 factory to it that the applicant has committed an act or acts, or that a situation exists, for which the Education Practices Commission would be authorized to revoke a teaching certificate.
28.Pursuant to Section 281.28(1), Florida Statutes, the Education Practices Commission may revoke a teaching certificate when a person commits one of the following violations:
(c) Has been guilty of gross immorality or an act involving moral turpitude;
[[Image here]]
(e) Has been convicted of a misdemeanor felony or any other criminal charge, other than a minor traffic violation; ...
29. This proceeding involves Katz’ third application for a teaching certificate. Since the denial of his application in 1991, Katz has been convicted of petit theft, trespassing after warning, and violation of a restraining order. Thus, grounds exist pursuant to Section 231.28(l)(e), Florida Statutes, to deny his application for a certificate.
30. Katz hit his stepson, who was seven years old, with both an open hand and a closed fist and attempted to force Issac into a car to the extent that Issac had contusions on his right arm, interior chest walls, inner thighs, and buttocks. He is guilty of an act of moral turpitude. He was not convicted of child abuse; however as the court stated in Walton v. Turlington, 444 So.2d 1082, 1084 (Fla. 1st DCA 1984):
[I]t is not necessary for a teacher to be charged with or convicted of a crime in order to be subject to revocation of his certificate based upon conduct reflecting gross immorality or moral turpitude.
* * *
33. Katz has failed to establish that he has good moral character or that he has been rehabilitated. Since the denial of his last application for a teaching certificate, Katz has had three criminal convictions, has been denied readmission to the Oklahoma Bar Association for reasons which included attempting to mislead the Oklahoma Supreme Court, has been barred from substitute teaching in the Palm Beach County School District, and has physically abused his stepson.
The finding that appellant physically abused his stepson was, in and of itself, a proper basis on which to deny appellant’s application. § 231.02(1), Fla. Stat. (1999)(requiring applicant for Florida Educator’s Certificate to be of “good moral character”). There was competent substantial evidence to support that finding of abuse, as well as the other findings. We have considered the other errors raised by appellant and find them to be without merit. Affirmed.
KLEIN, SHAHOOD and GROSS, JJ., concur.