866 So.2d 116 (2004)
Richard E. FRIEND, Appellant,
v.
Marsha Lynne FRIEND, et al., Appellees.
No. 3D03-1714.
District Court of Appeal of Florida, Third District.
February 11, 2004.
*117 Kluger, Peretz, Kaplan & Berlin and Steve L. Silverman, Miami, for appellant.
Morgan, Lewis & Bockius and Robert M. Brochin and Erik W. Scharf, Miami, for appellees.
Before GERSTEN, GREEN, and FLETCHER, JJ.
FLETCHER, Judge.
Richard E. Friend appeals from an order unsealing his dissolution of marriage case at the request of Orion Group. We affirm.
On November 12, 1997, pursuant to an agreement between Friend and his former wife, Marsha Lynne Friend, the trial court ordered the file of their dissolution of marriage action sealed. Approximately five years later, Friend was sued in connection with legal services he provided to a group of companies involved in the development of resort properties. Orion Group, one of said companies, requested permission to intervene in and unseal the dissolution of marriage action on April 2, 2003 alleging possible discrepancies in representations made by Friend in the two cases.
Friend opposes the unsealing of the dissolution file on several grounds. After careful consideration and review of appellant's position, we find none of the arguments sufficient to overcome the well established right of public access to court proceedings and records. See, e.g., Art. I, § 24, Fla. Const.; § 119.07, Fla. Stat.; Fla. R. Jud. Admin. 2.035; Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla.1988). In Barron, the court recognized the trial court's inherent power to control the conduct of its own procedures by closing all or parts of the proceedings but only in limited circumstances under specific guidelines. 531 So.2d at 118. Once a record is sealed, there is a presumption that it was correctly sealed; however, a party moving to unseal the record may overcome the presumption by demonstrating that the original order sealing the record was legally in error. Scott v. Nelson, 697 So.2d 207 (Fla. 1st DCA 1997). In the instant case, it is evident that the trial court sealed the dissolution action based solely on the parties' agreement. The denial of access to dissolution of marriage proceedings may not be based solely upon the wishes of the parties to the litigation. As the Barron court stated "parties seeking a dissolution of marriage are not entitled to a private proceeding." 531 So.2d at 119. Therefore, we affirm the *118 trial court's ruling below unsealing the court file.
Affirmed.