EVANDER, J.
Appellants appeal from an order granting Conde Nast Publications’ motion to vacate an order sealing court records. We have jurisdiction. Fla. R.App. P. 9.130(4); see also Fla. R.App. P. 9.100(d). We affirm, in part, and reverse, in part.
In 2002, Sybil Hall filed an action for damages against Nick Carter, Howard D. Dorough, Brian Littrell, Alexander J. McLean, Denise McClean, Kevin Richardson, Backstreet Boys, Inc., An Administratively Dissolved Florida Corporation, Backstreet Boys, Inc., A Delaware Corporation, Backstreet Management, Inc., Backstreet Productions, Inc., Trans-Action, L.C., Transcontinental Media, Inc., and Transcontinental Records, Inc.
The parties to the 2002 action subsequently entered into a confidentiality agreement for the stated purpose of preventing the improper disclosure or use of confidential information. The agreement authorized any party to designate a document (including a deposition) as “confidential.” Once a document was so designated, its contents could only be disclosed to a limited group of individuals. The agreement also authorized any party to file a document designated as confidential with the court “under seal.” Significantly, the agreement recognized that the designation of a document as confidential did not prevent another party from contesting its alleged confidentiality. If a party challenged the alleged confidentiality of a document, the document would remain confidential until the court ruled otherwise:
The agreement of the parties to this Order shall not be construed as a binding agreement or admission that any Confidential Discovery Material designated as being “CONFIDENTIAL” is, in fact, confidential or comprises a trade secret, and each party expressly reserves all rights to challenge as improper the designation by the other of information as “CONFIDENTIAL”. However, until such time as the dispute is resolved by agreement or by order of the court, the Confidentiality Discovery Material shall be treated as if the designation were valid.
On September 30, 2003, the trial court accepted the parties’ agreement and ordered the parties to comply with its terms (“the 2003 order”). Numerous documents designated as confidential were filed with the court “under seal” pursuant to the agreement.
*25 In 2006, the parties reached a settlement and Hall voluntarily dismissed the case. On July 5, 2007, Conde Nast Publications filed a motion to intervene and a motion to vacate the order sealing records. The motion to intervene' was unopposed. At a hearing held on August 8, 2007, the parties advised the trial court that the Clerk of the Court had improperly sealed the entire court file — not just the documents filed under seal. After hearing argument, the trial court entered an order requiring the Clerk to immediately unseal all documents in the court file except for those documents previously filed under seal. The parties to the confidentiality agreement were given a limited amount of time to “assert confidentiality considerations” to the court for further ruling. Appellants then filed an objection to the unsealing of approximately three boxes of documents. Those documents were submitted to the court for an in camera review.
The parties reconvened for a hearing on September 5, 2007, at which time the court heard additional argument. The trial court subsequently entered an order granting Conde Nast Publications’ motion to vacate the order sealing court records.
In reaching its decision, the trial court found that the 2003 order approving the confidentiality agreement was legally insufficient to authorize the sealing of court records because the order did not include specific findings that were “consistent with the directive of Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988).” The trial court further found that appellants had not properly or adequately framed their numerous objections — particularly given that they had not filed a motion to make court records confidential in compliance with Florida Rule of Judicial Administration 2.420(d). This appeal followed.[1]
Appellants’ primary argument is that the trial court should have required Conde Nast Publications to show good cause to unseal the documents in dispute rather than place the burden on appellants to justify the initial sealing. The Florida Supreme Court has recognized that seeking to open records that have already been closed by a court is a substantially different task than seeking to close records in the first place. Times Publishing Co. v. Russell, 615 So.2d 158, 159 (Fla.1993).
A party seeking to initially seal the filed records of court proceedings has the burden to establish that (1) closure is necessary to protect a recognized interest, (2) no reasonable alternatives to closure are available to achieve the desired result, and (3) the level of closure imposed is the least restrictive means necessary to accomplish its purposes. Barron, 531 So.2d at 118.
By contrast, when records of court proceedings have been properly sealed the party seeking to unseal the records has the burden to establish good cause. Russell v. Times Publishing Co., 592 So.2d 808, 809 (Fla. 5th DCA 1992).
Here, the trial court found that the disputed court records were not properly sealed because the 2003 order did not contain express findings regarding the factors set forth in Barron. The trial court’s conclusion would be a correct one if the sealing order had been entered into subsequent to April 5, 2007 — the date on which Florida Rule of Judicial Administration Rule 2.420 was adopted on an interim, emergency basis by the Florida Supreme Court. In re Amendments to Florida Rule of Judicial Administration 2420— Sealing of Court Records and Dockets, 954 *26 So.2d 16 (Fla.2007). Pursuant to Rule 2.420(d)(3), an order sealing court records must state, inter alia, the particular grounds for making the court records confidential, that the closure is no broader than necessary, and that there are no less restrictive measures available.[2] However, we are unaware of any rule or case which imposed such requirement prior to April 5, 2007. See, e.g., Ocala Star-Banner v. State, 697 So.2d 1317 (Fla. 5th DCA 1997). Accordingly, we agree with appellants that the lack of express findings in the 2003 order did not, in and of itself, render the order legally insufficient.
Our disagreement with the trial court on this issue does not mean, however, that the trial court erred in placing the burden of proof on the appellants as to those documents sealed pursuant to the 2003 order. That order authorized the parties to file documents designated as confidential under seal. However, the order did not bind the trial court to ultimately find that such documents were entitled to be exempt from public disclosure. We construe the 2003 order as simply establishing a mechanism whereby alleged confidential documents that were filed with the court would .be treated as confidential until the court could determine if the docu-merits, or any of them, were entitled to be exempt from public disclosure.
We observe that recently-adopted rule 2.420 provides for a similar mechanism. Specifically, section 2.420(d)(1)(B) provides that court records subject to a motion to make court records confidential must be treated as confidential by the Clerk pending the court’s ruling on the motion. Thus, we find that the 2003 order only served to seal certain court records until the court held a hearing to determine if those records were entitled to be exempt from public disclosure. Accordingly, as to those documents sealed pursuant to the 2003 order, we find that the trial court properly placed the burden of proof on appellants.
There was, however, one deposition which was sealed after a telephone hearing held on October 1, 2004. After hearing argument, a predecessor trial judge found that the deposition of Robert Carter should be sealed. As to this deposition, the trial court’s sealing order carried a presumption of correctness. Scott v. Nelson, 697 So.2d 207, 209 (Fla. 1st DCA 1997). Thus, Conde Nast Publications had the burden of proof to show good cause to *27 unseal Robert Carter s deposition. It failed to meet this burden.
Except for Robert Carter’s deposition, we conclude that the trial court properly found that appellants were required to file a motion to make court records confidential in compliance with Rule 2.420(d)(1).[3] That rule had been in effect for over four months prior to the trial court affording appellants the opportunity to “assert confidentiality considerations.” Furthermore, we find no error in the trial court’s determination that appellants had failed to file a motion in compliance with such rule.
We reverse the trial court’s order unsealing the deposition of Robert Carter. The trial court’s order is otherwise affirmed.
AFFIRMED in part; REVERSED in part.
PALMER, C.J. and PLEUS, J., concur.

. The trial court appropriately stayed its order pending appeal.

. Rule 2.420(d)(3) provides:
(3) Any order granting in whole or in part a motion filed under subdivision (d)(1) must state the following with as much specificity as possible without revealing information made confidential:
(A) The type of case in which the order is being entered;
(B) The particular grounds under subdivision (c)(9)(A) for making the court records confidential;
(C) Whether any party’s name is to be made confidential and, if so, the particular pseudonym or other term to be substituted for the party's name;
(D) Whether the progress docket or similar records generated to document activity in the case are to be made confidential;
(E) The particular court records that are to be made confidential;
(F) The names of those persons who are permitted to view the confidential court records;
(G) That the court finds that: (i) the degree, duration, and manner of confidentiality ordered by the court is no broader than necessary to protect the interests set forth in subdivision (c)(9)(A); and (ii) no less restrictive measures are available to protect the interests set forth in subdivision (c)(9)(A); and
(H) That the clerk of the court is directed to publish the order in accordance with subdivision (d)(4).

. Florida Rule of Judicial Administration 2.420(d)(1) provides:
(d) Request to Make Circuit and County Court Records in Noncriminal Cases Confidential.
(1) A request to make circuit and county court records in noncriminal cases confidential under subdivision (c)(9) must be made in the form of a written motion captioned "Motion to Make Court Records Confidential.” A motion made under this subdivision must:
(A) identify the particular court records the movant seeks to make confidential with as much specificity as possible without revealing the information to be made confidential: and
(B) specify the bases for making such court records confidential.
Any motion made under this subdivision must include a signed certification by the party making the request that the motion is being made in good faith and is supported by a sound factual and legal basis. The court records that are subject to a motion made under this subdivision must be treated as confidential by the clerk pending the court's ruling on the motion. Notwithstanding any of the foregoing, the court may not make confidential the case number, docket number, or other number used by the clerk's office to identify the case file.