# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0720
LT Case No. 2023-CC-14367

_____

MICHAEL BARFIELD,

   Petitioner,

   v.

CASE CONFIDENTIAL,

   Respondent.

_____

Original Proceeding on Petition to Review Sealing of Judicial Records.

Michael Barfield, Sarasota, pro se.

Nicholas P. McNamara, of Creed & Gowdy, P.A., Jacksonville, for Respondent.

June 5, 2026

ON PETITIONER'S MOTION FOR WRITTEN OPINION

Michael Barfield  petitioned this court under Florida Rule of Appellate Procedure 9.100(d) to quash the trial court's amended order that sealed the judicial records in a residential eviction action filed by the landlord, Shorehouse TIC I LLC, in Duval

County Court,[1] and of which Barfield was not a party.

Citing our sister court's decision in *Barfield v. Doe*, 348 So. 3d 1156 (Fla. 4th DCA 2022), which involved this same non-party petitioner's efforts to unseal court records in a residential eviction proceeding, we granted Barfield's petition by otherwise unelaborated order and quashed both the trial court's amended order that had sealed the court records from public examination and its separate order that had denied Barfield's motion to vacate this order.

Barfield has timely moved for the issuance of a written opinion. He submits that despite our court's earlier order in this case, the pleadings and progress docket in the underlying eviction case remain unavailable to the public.

We grant Barfield's motion for written opinion. While our previous ruling quashing the trial court's orders has not changed, we issue the following opinion in lieu of our prior order.

OPINION

PER CURIAM.

Article I, section 24(a) of the Florida Constitution provides that "[e]very person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution" and that "[t]his section specifically includes the . . . judicial branch[] of government."

I

To the extent that the trial court, in denying Barfield's motion

---

[1] Barfield also filed a motion with the trial court to vacate its order determining the confidentiality of the court records, which the trial court denied.

to unseal the subject court record, found that Barfield, as a non-party, lacked standing to enforce this constitutional right, we disagree. *See Barron v. Fla. Freedom Newspapers, Inc.*, 531 So. 2d 113, 118 (Fla. 1988) (addressing the respondent's motion to intervene and to set aside a closure order in a dissolution of marriage litigation and unequivocally providing that "both the public and news media shall have standing to challenge any closure order"); *accord BDO Seidman, LLP v. Banco Espirito Santo Int'l, Ltd.*, 201 So. 3d 1, 2 (Fla. 3d DCA 2009) (quoting *Barron*).

To accept Respondent's argument that Barfield, a Florida citizen and member of the public, lacked standing to challenge the subject closure order would seemingly negate the public's above-described constitutional right of inspection. Otherwise, litigants could, by agreement or stipulation as was done here, cause all judicial records in a case to be closed. *See Friend v. Friend*, 866 So. 2d 116, 117 (Fla. 3d DCA 2004) (recognizing that the denial of access to court records "may not be based solely upon the wishes of the parties to the litigation").

II

To be clear, while there is a presumption that court files are open to the public, a trial court does possess the power and authority to close or seal a court file. Not every record in a court file is necessarily open to public view. Florida Rule of General Practice and Judicial Administration 2.420(c)(1)–(10), which implemented the aforementioned constitutional right to inspect public records,[2] enumerates ten categories of records of the judicial branch that are deemed confidential and thus shielded from the public's view. Pertinent to the present case is Rule 2.420(c)(9), which makes:

> (9) Any court record determined to be confidential in case decision or court rule on the grounds that:
>
> (A) confidentiality is required to:

---

[2] *See In re Amends. to Fla. Rule of Jud. Admin. 2.420—Sealing of Court Recs. & Dockets*, 954 So. 2d 16, 21 (Fla. 2007).

3

(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;

(ii) protect trade secrets;

(iii) protect a compelling governmental interest;

(iv) obtain evidence to determine legal issues in a case;

(v) avoid substantial injury to innocent third parties;

(vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;

(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law.

Fla. R. Gen. P. & Jud. Admin. 2.420(c)(9)(A)(i)–(vii).

The trial court here sealed the entire court file under subsections (c)(9)(A)(i) and (vi) of this rule. It related in its order that the landlord had sued to evict the tenant for alleged nonpayment of rent, to which the tenant filed a response that, among other things, asserted that the rent had been paid in full. Shortly thereafter, the parties entered into a settlement agreement whereby the landlord's suit would be dismissed with prejudice and the tenant would be considered to have "an account credit surplus."

The trial court, with the landlord's consent, thereafter granted the tenant's motion to seal the entire court file. The court explained that under Rule 2.420(c)(9)(A)(i), closure was required for the fair, impartial, and orderly administration of justice and that it was also necessary under subsection (c)(9)(A)(vi) to prevent a substantial risk of injury to the tenant. The court's expressed concern was that without the closure of the court file, any third

4

person, without first verifying that the rent was not delinquent and the lease was not in default, could obtain and then misconstrue data from this court file and thereafter use potentially inaccurate information in an "arbitrary and capricious" manner adverse to the tenant.

## III

A similar argument was addressed by the Fourth District Court of Appeal in *Barfield v. Doe*, *supra*. In that case, the litigants in a county court eviction proceeding sought to shield the entire court file from public disclosure. 348 So. 3d at 1157. The parties agreed that the landlord had filed the eviction suit despite having previously agreed not to and after having received the rental payments before the action was filed. *Id.* They further asserted that under these circumstances, public disclosure of the court records was potentially defamatory to the tenants and would affect their creditworthiness. *Id.* Barfield, who, like here, was not a party to the eviction action, sought to quash the trial court's amended order determining the confidentiality of the court records, which the trial court denied. *Id.*

## IV

Barfield then petitioned the Fourth District Court requesting that it quash the trial court's amended order. *Id.* The Fourth District Court granted Barfield's petition, explaining that while Rule 2.420(c)(9)(A)(vi) allows a court to shield court records from the public when confidentiality is required to "avoid substantial injury to a party by disclosure of matters protected by common law or privacy right not generally inherent in the specific type of proceeding sought to be closed," the names of the litigants in the eviction proceeding were matters inherent to the civil proceeding. *Id.* The court reasoned that, in such circumstances, "litigants cannot have a reasonable expectation of privacy with regard to matters that are inherent to their civil proceedings." *Id.* (quoting *Carnegie v. Tedder*, 698 So. 2d 1310, 1312 (Fla. 2d DCA 1997)).

We agree with our sister court's analysis and holding and find it applicable here. We also find no record support that under Rule 2.420(c)(9)(A)(i) there would be a serious and imminent

threat to the fair, impartial, and orderly administration of justice absent closure of the court record.

Accordingly, we quash the trial court's orders.

PETITION GRANTED; ORDERS QUASHED.

LAMBERT, HARRIS, and BOATWRIGHT, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––